### MICHAEL MARSH vs. B. W. SMITH & another.

### June 21, 1875.

**Municipal Court of St. Paul.**—Construction of sections 25 to 30, inclusive, of the act providing for a municipal court in the city of St. Paul, approved March 8, 1875, Sp. Laws 1875, ch. 2.

The summons in this action was issued on April 7, 1875, by S. V. Hanft, Esq., a justice of the peace in the city of St. Paul, before whom both parties appeared on the return day, April 17, when the defendant filed an affidavit for a transfer of the action, and the justice, against plaintiff's objection, transferred it to the municipal court of the same

city.    In the latter court the defendants moved for a dismissal on the ground of want of jurisdiction in Justice Hanft. The motion was granted, and judgment of dismissal entered, from which plaintiff appealed.

*James Smith, jr.*, and *H. F. Masterson*, for appellant.

*Mead & Thompson*, for respondents.

BERRY, J.    This case calls for a partial construction of §§ 25 to 30, inclusive, of an act of the legislature, approved March 8, 1875, (Sp. Laws 1875, ch. 2,) providing for a municipal court in the city of St. Paul.    No question as to the constitutionality or legal organization of the tribunal thus established is made or considered.

Section 25 provides for the transfer to the municipal court of all causes and proceedings pending before justices of the peace within the city at the time of the passage of the act, with all the papers and records concerning the same, and of all dockets, records, files and papers in the custody of any and all of said justices, and further enacts that, from and after the passage of the act, " no justice of the peace within the city shall issue any process, or take cognizance of any action or proceeding, civil or criminal ; but the jurisdiction of said municipal court shall, within said city, be exclusive in all cases heretofore cognizable before justices of the peace," etc.

Section 26 enacts that the term of each existing justice in the city shall cease at the end of the two years for which he was elected, without continuing until the election and qualification of his successor ; that each justice, upon the termination of his office, shall forthwith transfer all pending cases, and all dockets, records, files and papers in his custody, to the municipal court, which shall thenceforth have full jurisdiction touching the same ; and further enacts that " no justice of the peace hereafter elected or appointed in said city shall issue any process, or take cognizance of any action or proceeding, civil or criminal ; but the jurisdiction of said municipal court shall, within said city, be  exclusive in all

cases hereafter cognizable before justices of the peace, save, as above excepted, as to existing justices during their present term of office," etc.

Section 27 provides that any transfer of any action before a justice of the peace " now existing in said city " shall be made to the municipal court, and not to another justice. We observe that the word "existing" in this section has reference to the "justice," and not, as contended by defendants' counsel, to the "action." This is obvious from the use of the same word, in similar connections, in other portions of § 27 and in §§ 25, 26, 28, where no other reference can be attributed to it.

Section 28 provides that all appeals hereafter taken from the judgment of any justice of the peace now existing in said city shall be taken to the municipal court. Section 29 enacts that no justice of the peace in the city shall hereafter issue any summons under Gen. St. ch. 84 — the forcible entry and detainer act. Section 30 provides that the act shall take effect and be in force from and after its passage.

It is obvious that § 25 is, *in terms*, irreconcilably repugnant to, and inconsistent with, §§ 26, 27, 28. Section 25, in terms, immediately upon the passage of the act, takes away from all justices of the peace of said city, whether existing or to exist, all judicial jurisdiction and authority. Section 26 provides, in effect, that the provisions of § 25 shall not apply to justices of the peace existing at the time of the passage of the act, but that each of them shall continue to exercise his judicial jurisdiction and authority until the end of the two years for which he was elected.

Without stopping to speculate upon the manner in which the repugnancy between § 25 and § 26 occurred, we are of opinion that § 25 is controlled by § 26, and that the latter section is to be construed as an exception to the former, its effect and operation being to take each justice of the peace, existing at the time of the passage of the act, out of the

operation of § 25 until the end of his two years. This construction of § 25 is confirmed by reference to §§ 27, 28, 29, the provisions of which are not only inconsistent with any other construction, but cannot be accounted for upon any other theory than that of the control of § 25 by § 26. Sections 27 and 28 apply to justices existing at the time of the passage of the act, and operate to amend and change the law in force at the time as respects their subject-matter. Section 29 applies to all justices of the peace of the city, existing or to exist, though, as to the latter class, its provisions were perhaps superfluous, as being embraced in the general and sweeping language of § 25. But as to the former class—*i. e.*, justices existing at the passage of the act—§ 29 is in the nature of an exception to § 26, depriving them of jurisdiction under the forcible entry and detainer act. The judgment appealed from is reversed, and the municipal court directed to proceed with the hearing of the cause.